# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Docket No.: 13-cr-0705 |
| **DANIEL GATSON** | **OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

**THIS MATTER** comes before the Court upon Defendant Daniel Gatson's Motion for Return of Seized Property. Def'.s Mot., ECF 212. For the reasons set forth below, Defendant's motion is **DENIED**.

## I.     PROCEDURAL BACKGROUND

On November 2, 2015, following a three-week trial, a jury found Gatson guilty of twelve counts related to interstate transportation of stolen property. ECF No. 120-133.

On June 30, 2016, Gatson was sentenced to 300 months incarceration and ordered to make full restitution in the amount of $3,597,081.00. ECF No. 159. On the same date, the Court issued a final order of forfeiture of property as to Gatson that included a list of 101 items, including: (1) jewelry recovered from Gatson's hotel room on the day of his arrest; (2) various jewelry and watches recovered from his residence in Georgia; (3) various autographed NBA jerseys recovered from his residence in Georgia; (4) quantities of United States and foreign currency recovered from his New York hotel room and his residence in North Bergen, New Jersey; (5) a fraudulent identification card in the name of Craig Streets recovered from his New York hotel room. ECF No. 160.

On July 13, 2016, Gatson provided notice of appeal and on August 9, 2018, the Third Circuit Court of Appeals issued an opinion and order affirming Gatson's conviction and sentence. ECF No. 206, 209. The Supreme Court of the United States denied Gatson's petition for writ of certiorari on October 7, 2019. Gatson v. United States, No. 18-9700, 2019 WL 4922309, at *1 (U.S. Oct. 7, 2019).

## II.     MOTION FOR RETURN OF PROPERTY

### A. Property Subject to Forfeiture

"It is well settled that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999). Thus, under Fed. R. Crim. P. 41(g), the

district court has jurisdiction over a motion for return of property made after the termination of criminal proceedings. *Id.; see also Chambers*, 192 F.3d at 376. The heavy evidentiary burden for a Rule 41(g) motion lies with the government to demonstrate it has a legitimate reason to retain the seized property. *Id.* (citing *Chambers*, 192 F.3d at 377).

Gatson requests that all of the seized items described in Exhibits A, B, and C of his motion be returned to him immediately. Def's Mot. 3. Exhibits A, B, and C are inventories from searches of his residence in Stone Mountain, Georgia; his residence in North Bergen, New Jersey; and a Marriott hotel room in Uniondale, New York, respectively. *Id.* at 9-21. Gatson argues that his seized property should be returned because it was not used in his criminal trial as evidence and that the government did not prove that the seized items were connected to criminal activity. Def.'s Mot. 4-6.

When property is forfeited criminally, the forfeiture is part of the defendant's sentence and may only be challenged on direct appeal. *See United States v. Noyes*, 557 Fed. Appx. 125, 126-28 (3d Cir. 2014); *Winkelman v. United States*, 494 Fed. Appx. 217, 220 (3d Cir. 2012) (defendant should have raised his challenge to the forfeiture judgment in his direct appeal, not under Rule 41(g) and to obtain interest in forfeited property, defendant must first succeed in invalidating his judgment); *United States v. Bernard*, 537 Fed. Appx. 72, 74 (3d Cir. 2013) (district court has no jurisdiction to consider Rule 41(g) motion for return of property once it has been forfeited in a criminal case). To the extent Gatson's motion pursuant to Rule 41(g) is a challenge to this Court's June 30, 2016 final order of forfeiture, it is an improper attempt to challenge a component of his sentence. *Id.* (citing *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007)). Consequently, to the extent items listed on the relevant search inventories--Exhibits A, B, and C—overlap with the list of 101 items listed in this Court's forfeiture order, Defendant's motion for return of property pursuant to Rule 41(g) is denied.

### B. Property That Is Contraband

A Rule 41(g) motion for the return of seized property may be denied if the property is "derivative contraband" that the defendant may not possess. *See United States v. Uribe-Londono*, 238 Fed. Appx. 628, 629 (1st Cir. 2007); *United States v. Carn*, 2017 WL 8288088 (D. Nev. Dec. 11, 2017) (denying motion for the return of contraband firearms). As a convicted felon, Gatson is prohibited from possessing firearms and ammunition. Accordingly, the firearms and ammunition recovered from Gatson's resident in Georgia is contraband and cannot be returned to him.

### C. Currency to be Credited Toward Restitution

During the search of the Marriott hotel room occupied by Gatson, agents recovered approximately $158.05 in United States currency. *See* Def.'s Mot. 19-21 (Exhibit C). During the search of his residence in North Bergen, agents recovered a small amount of United States and foreign currency. *Id.* at 13-18 (Exhibit B).

The Judgement of Conviction related to this case requires that Gatson make

restitution to the victims in the amount of $3,597,081.00. ECF No. 159, 7-8. Seized property may be retained to satisfy a restitution order or other debts owed to the Government. *See United States v. Jones*, 629 Fed. Appx. 192 (3d Cir. 2015) (because a restitution order constitutes a lien in favor of the Government on all of the defendant's property, district court properly ordered that the property never forfeited be applied to the restitution order); *United States v. Wallace*, 213 Fed. Appx. 98, 99 (3d Cir. 2007) (denying Rule 41(g) motion for return of seized property that was never forfeited because outstanding restitution order constitutes a lien in favor of the United States that the seized property may be used to satisfy). Thus, any currency seized from the searches of Gatson's residences or hotel rooms should be applied to the restitution order.[1]

### III.  CONCLUSION

For the reasons stated above, Defendant's motion is **DENIED** without prejudice to refile a motion for return of seized items pursuant to Rule 41(g) that lists with specificity items not subject to the Court's forfeiture order of June 30, 2016, items that are not contraband, or items not subject to a restitution order. An appropriate order follows.

Date: October 21, 2019

WILLIAM J. MARTINI, U.S.D.J.

---

[1]    Defendant argues that this Court failed to "order forfeiture of the total amount of the proceeds involved in the conspiracy equally between the participants in the conspiracy" pursuant to *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). *See* Def.'s Mot. 6-7. This argument is without merit. *Honeycutt* concerned the scope of joint and several liability under 21 U.S.C. § 853. *See Honeycutt*, 137 S. Ct. at 1632. Defendant's property was forfeited pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461. *See* ECF No. 160.