## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | Docket No.: 13-cr-0705 |
| **DANIEL GATSON** | **OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court upon Defendant Daniel Gatson's Motion for Return of Seized Property, Def'.s Mot., ECF 217, and the Government's Motion for Forfeiture of Property, Gov't's Mot., ECF No. 219.  For the reasons set forth below, Defendant's motion is **GRANTED IN PART and DENIED IN PART** and the Government's motion is **GRANTED**.

### I.    PROCEDURAL BACKGROUND

On November 2, 2015, following a three-week trial, a jury found Gatson guilty of twelve counts related to interstate transportation of stolen property.  ECF No. 120-133.

On June 30, 2016, Gatson was sentenced to 300 months incarceration and ordered to make full restitution in the amount of $3,597,081.00.  ECF No. 159.  On the same date, the Court issued a final order of forfeiture of property as to Gatson that included a list of 101 items, including: (1) jewelry recovered from Gatson's hotel room on the day of his arrest; (2) various jewelry and watches recovered from his residence in Georgia; (3) various autographed NBA jerseys recovered from his residence in Georgia; (4) quantities of United States and foreign currency recovered from his New York hotel room and his residence in North Bergen, New Jersey; (5) a fraudulent identification card in the name of Craig Streets recovered from his New York hotel room.  ECF No. 160.

On July 13, 2016, Gatson provided notice of appeal and on August 9, 2018, the Third Circuit Court of Appeals issued an opinion and order affirming Gatson's conviction and sentence.  ECF No. 206, 209.  The Supreme Court of the United States denied Gatson's petition for writ of certiorari on October 7, 2019.  Gatson v. United States, No. 18-9700, 2019 WL 4922309, at *1 (U.S. Oct. 7, 2019).  On October 21, 2019, this Court denied Gatson's initial motion for return of seized property without prejudice to refile another motion "that lists with specificity items not subject to the Court's forfeiture order of June 30, 2016, items that are not contraband, or items not subject to a restitution order."

## II.     MOTION FOR RETURN OF PROPERTY

### A. <u>Property the Government Agrees to Return</u>

The Government consents to the return of the following items recovered from Gatson's residence in Stone Mountain, Georgia: wallet, identification, storage receipt and unopened mail (see item #24, Defense Exhibit A); residential lease package (item #22); miscellaneous business cards (item #12); receipt (item #13); sunglasses (item #21); one photograph (item #17); Gucci shoes (item #8); ACG blue boots (item #7); Jay Nike Shocks Shoes (item #6); white Nike shoes (item #5); pink/blue Nike shoes (item #9); black boots (item #3); Nike sneakers and blue jeans (item #2); miscellaneous documents and blue folder (item #26); real estate listings (item #29); miscellaneous mail and documents (item #28); T-Mobile cell (white) (item #27); handwritten letter (item #31); miscellaneous documents (item #30); Weinstein Group stamp (item #33); black binder containing documents (item #35); gold/silver test kit (item #36); Dell laptop computer with charger (item #37); and Samsung tablet with charger (item #38).

The Government consents to the return of the following items recovered from Gatson's residence in North Bergen: Sprint LG cell phone (item #1, Defense Exhibit B); paperwork for Daniel Gatson (item #4); tan Northface (item #5); and one baseball card (item #7). The Government consents to the return of the following items recovered from Gatson's hotel room in Uniondale, New York: Samsung cell phone (item #1, Defense Exhibit C); Georgia driver's license of Tokyo Gatson (item #2); Bluetooth (item #5); Gucci bag containing clothing and iPod (item #8); and tan workboots (item #9).

### B. <u>The Government's Motion for Forfeiture</u>

The Government requests that the Court enter an order allowing for: (a) one Nixon watch; (b) one Michael Kors watch; (c) one pair of earrings with white stones; (d) two fur coats; and (e) one black Android Chronograph watch (collectively, the "Seized Assets") currently in the custody of the Federal Bureau of Investigation ("FBI") to be turned over to the United States Marshals Service, District of New Jersey ("USMS") for appropriate disposition and applied against the restitution due in this matter.

Enforcement of restitution may begin immediately after an entry of judgment arises on a defendant's property. See 18 U.S.C. § 3613(c).  Also pursuant to Section 3613(c), an order of restitution creates "a lien in favor of the United States on all property and rights to property of the person fined as if the liability . . . were a liability for a tax assessed" by the IRS. Id. (emphasis added).  The only property not subject to enforcement is that which is exempt under § 6334(a)(1)-(8), (10) and (12) of the Internal Revenue Code of 1885.1 See id. § 3613(a)(1).  Not only may a judgment be recorded for the full amount of the order,

see id. § 3664(m)(1), but the judgment may be immediately enforced against all property of the defendant with limited exceptions. Id. § 3613(a) and (f).

Consequently, the Court **GRANTS** the Government's motion and the FBI shall turn over the above listed items to the United States Marshals Service and all proceeds of sale shall be applied against the restitution due in this matter.

### C.  Remaining Items

The Court previously ruled that any currency seized from the searches of Gatson's residences or hotel rooms should be applied to the restitution order.  ECF No. 216. Consequently, the U.S. currency (listed as items 7 and 8 of Exhibit B), the Turkish currency (listed as item 9 of Exhibit B), and the Hong Kong, Chinese Yuan, Euro and Wu Jiao currency (listed in item 13 of Exhibit B) should be applied to the outstanding restitution order and Defendant's motion is **DENIED** as to all seized currency.

### III.   CONCLUSION

For the reasons stated above, Defendant's motion is **GRANTED IN PART and DENIED IN PART**.  The Government's motion is **GRANTED**.  An appropriate order follows.


**Dated: June 16, 2020**


_/s/ William J. Martini_
**WILLIAM J. MARTINI, U.S.D.J.**