UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DANIEL GATSON | Docket No.: 13-cr-0705<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

**THIS MATTER** comes before the Court upon Defendant Daniel Gatson's Motion for Turnover Order, ECF No. 229 and related Motion for Writ of Garnishment, ECF No. 234. For the reasons set forth below, Defendant's motions are **DENIED**.

### I. BACKGROUND

The motions before the Court are the latest concerning the return of items in his possession at the time of his arrest. The Court assumes the parties' familiarity with the procedural history and sets forth the following summary.

On November 2, 2015, following a three-week trial, a jury found Gatson guilty of twelve counts related to interstate transportation of stolen property. ECF No. 120-133. On June 30, 2016, Gatson was sentenced to 300 months incarceration and ordered to make full restitution in the amount of $3,597,081.00. ECF No. 159. On the same date, the Court issued a final order of forfeiture of property as to Gatson that included a list of 101 items. ECF No. 160. On October 21, 2019, the Court denied Mr. Gatson's first motion for return of seized property but allowed him to refile it to seek return of specific items not subject to the Court's forfeiture order, items that are not contraband, or items not subject to a restitution order. ECF No. 216. Mr. Gatson filed a subsequent motion for return of seized property that the Court granted in part and denied in part on June 16, 2020. ECF No. 222. The Court ordered the FBI to turn over to Mr. Gatson some 38 items. *Id.* Mr. Gatson appealed other parts of the Court's June 16, 2020 Order and the Third Circuit dismissed Mr. Gatson's appeal on December 3, 2020. ECF Nos. 224, 225, 227, 230.

### II. MOTION FOR TURNOVER ORDER

Mr. Gatson states that his receiver, Mark Crews, "has made numerous attempts" to retrieve Mr. Gatson's property. Gatson Mot. at 2, EF 229. Because Mr. Crews's attempts to make contact with the U.S. Marshals have been unsuccessful, Mr. Gatson requests the Court issue a "turnover order" for the remaining property for failure to comply with a Court order. *Id.* The Government responds that the motion is moot because the Government turned over the requested items to either Defendant's prior counsel or his designated

receiver. Opp. at 1, ECF No. 231. The Government reports that Gatson's Georgia driver's license was turned over to his former attorney Peter Carter on October 11, 2013. *Id.* at Ex. A. Two other items were turned over to another of Gatson's attorneys, Steve Turano on March 24, 2014—the "Beige Gucci duffle bag" and "music iPod." *Id.* at Ex. B. On November 4, 2020, thirty-one additional items were transferred from the Federal Bureau of Investigations to the United States Marshals Service. *Id.* On November 16, 2020, the Marshals Service turned over those thirty-one items to Mark Crews. Consequently, the Government requests that the Court deny Gatson's Motion for Turnover Order as moot. On January 25, 2021, the Court ordered that Gatson reply to the Government's representations as to the disposition of the disputed items and explain why the Court should not dismiss his motion as moot. ECF No. 232. Gatson failed to respond. The Court grants the Government's request. Defendant Gatson's Motion for Turnover Order is **DENIED** as **MOOT**.

### III.    MOTION FOR WRIT OF GARNISHMENT

Instead of responding to the Government's contentions, Mr. Gatson filed a motion for a writ of garnishment against his former attorney, Mr. Steve Turano, Esq. "for unlawful possession of [the] 'beige Gucci duffle bag' and the 'music iPod' with ear buds." Gatson Mot., ECF No. 234. Mr. Gatson contends that in total, these items are worth $30,000. On February 28, 2021, Mr. Gatson sent a letter to Mr. Turano requesting the return of the items. Mr. Turano's failure to respond prompted this motion.

On June 21, 2021, Mr. Turano filed a reply letter in this matter. ECF No. 235. Mr. Turano states that he did not receive Mr. Gatson's letter but was notified of this motion from an assistant United States attorney. *Id.* at 1. Mr. Turano states that after coming into possession of Mr. Gatson's property, he turned all of it over to Mark Crews. *Id.* at 2. Mr. Crews signed for the property on March 24, 2014. ECF 235, Ex. A. Mr. Gatson failed to reply. Because the property in question was turned over to Mr. Gatson's designated receiver over seven years ago, Mr. Gatson's motion for a writ of garnishment is **DENIED**.

### IV.    CONCLUSION

For the reasons stated above, Defendant's motions, ECF Nos. 229 and 234, are **DENIED**. An appropriate order follows.

                                                       */s/ William J. Martini*
                                               **WILLIAM J. MARTINI, U.S.D.J.**

**Dates: August 27, 2021**