# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**DANIEL GATSON.** | No. 13-cr-705 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on a motion filed by Defendant Daniel Gatson ("Defendant") for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the Covid-19 pandemic. ECF No. 233. For the reasons set forth below, Defendant's motion is **DENIED**.

## I.   BACKGROUND

Defendant is a forty-nine year old African American male incarcerated at FCI Fort Dix in New Jersey. On November 2, 2015, following a three-week trial, a jury found Gatson guilty of twelve counts related to interstate transportation of stolen property. ECF No. 120-133. On June 30, 2016, Gatson was sentenced to 300 months incarceration. ECF No. 159. On July 13, 2016, Gatson provided notice of appeal and on August 9, 2018, the Third Circuit Court of Appeals issued an opinion and order affirming Gatson's conviction and sentence. ECF No. 206, 209. The Supreme Court of the United States denied Gatson's petition for writ of certiorari on October 7, 2019. *Gatson v. United States*, No. 18-9700, 2019 WL 4922309, at *1 (U.S. Oct. 7, 2019).

Following his refusal to receive the Covid-19 vaccine, on April 29, 2021, Defendant filed a motion *pro se* for compassionate release due to his vulnerability to Covid-19 based on his weight, hypertension, and race. ECF No. 233. The Government filed no opposition.

## II.   DISCUSSION

Under the First Step Act, the Court may grant a defendant's motion for compassionate release or a reduction in his sentence if the defendant shows that (1) he has exhausted all administrative remedies prior to seeking judicial review; and (2) compelling and extraordinary reasons exist to justify such release. *United States v. Sellers*, No. 10-434 (RMB), 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020). The parties do not dispute that Defendant has exhausted his administrative remedies here. Defendant requested a reduction in his sentence on November 24, 2020 and filed the instant motion on December 29, 2020. As more than thirty days have passed since his initial request to BOP for compassionate release, Defendant's motion is properly before the Court. *See* 18 U.S.C. § 3582(c).

Once the defendant has met the exhaustion requirement, the Court may exercise its discretion and grant a motion to reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission." *Id.* § 3582(c)(1)(A). The Sentencing Commission's Policy Statement concerning the reduction of a defendant's sentence provides that a defendant's serious physical or medical condition may serve as grounds for the existence of "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, Application Note 1(A). In the context of the Covid-19 pandemic, "[t]he 'extraordinary and compelling reasons' inquiry logically has two components: (a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated."

Upon finding that extraordinary and compelling reasons are present, the Court must still consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of the defendant's release. 18 U.S.C. § 3582(c)(1)(A); *see, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 329-30 (3d Cir. 2020). The factors include, but are not limited to: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the sentencing range established for the applicable category of offense"; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes; and "the need to avoid sentence disparities." 18 U.S.C. § 3553(a).

### A. Defendant Has Not Shown Extraordinary and Compelling Circumstances Justifying His Release

Defendant 258 pounds. ECF No. 233-2. With a Body Mass Index ("BMI") of 37.7, the Centers for Disease Control and Prevention ("CDC") considers Defendant to be obese and, as such, at an increased risk for severe illness if infected with Covid-19. *See* June 15, 2019 Health Screening, Ex. B, Def. Br.; CDC, *About Adult BMI*, https://www.cdc.gov/healthyweight/assessing/bmi/adult/bmi//index.html (last accessed Jan. 28, 2021). For instance, the CDC has found that obesity is linked to impaired immune function, decreases lung capacity and reserve, can make ventilation more difficult, and may triple the risk of hospitalization due to a Covid-19 infection. CDC, *Obesity, Race/Ethnicity, and COVID-19*¸ https://www.cdc.gov/obesity/data/obesity-and-covid-19.html (last accessed Aug. 23, 2021). Other than obesity, the only other medical condition Defendant identifies having hypertension.

Defendant argues his increased risk is compounded by him being African American. He points to the CDC's finding that "[l]ong-standing systemic health and social inequities have put many people from racial and ethnic minority groups at increased risk of getting sick and dying from COVID-19." CDC, *Health Equity Considerations and Racial and Ethnic Minority Groups*, https://www.cdc.gov/coronavirus/2019ncov/needextraprecautions/racial-ethnic-minorities.html (last accessed Aug. 23, 2021).

Defendant's circumstances, individually and taken as a whole, do not constitute extraordinary and compelling reasons justifying his release. As to his weight, courts have generally found that obesity, though a high-risk factor, does not constitute extraordinary and compelling circumstances requiring compassionate release, even when the individual suffers from additional medical conditions. *See, e.g.*, *United States v. Jimenez*, No. 15-87 (SDW), 2020 WL 5887578, at *2 (D.N.J. Oct. 5, 2020) (collecting cases from this District denying compassionate release for lack of extraordinary and compelling circumstances where defendants suffered from obesity and other medical conditions).

As to Defendant's argument that his race exacerbates his risk of severe illness, the Court, in line with others in this District, finds that it does not help him establish an extraordinary and compelling reason for release. *See United States v. Cherry*, No. 9-715 (SDW), 2020 WL 5868800, *3 (D.N.J. Oct. 2. 2020) (finding that defendant's race did not help him establish an extraordinary and compelling reason for release); *United States v. Alexander*, No. 19-32 (FLW), 2020 WL 2507778, *4 (D.N.J. May 15, 2020) (same). It is not clear that being African American is an independent factor that increases Defendant's risk of complications from Covid-19 in the same manner as one's underlying medical conditions. *Cherry*, 2020 WL 5868800, *3; *Alexander*, 2020 WL 2507778, *4. It appears instead that social inequities, like poverty and access to healthcare, affecting racial and ethnic minority groups may be the reason these groups are disproportionately affected by the virus. *See* CDC, *Health Equity Considerations and Racial and Ethnic Minority Groups*, https://www.cdc.gov/coronavirus/ 2019-ncov/needextraprecautions/racial-ethnic-minorities. html (last accessed Jan. 28, 2021).

Defendant's concerns about his vulnerability to Covid-19 are not supported by his March 8, 2021 decision to refuse the Covid-19 vaccine. ECF No. 233-2.

For these reasons, the Court finds that Defendant's weight, history of hypertension, and race, do not constitute extraordinary and compelling reasons warranting a grant of compassionate release or a reduction in his sentence.

### B. The 18 U.S.C. § 3553(a) Disfavor Defendant's Release

Finally, the Court considers the factors set forth in 18 U.S.C. § 3553(a) and finds they also disfavor Defendant's release, albeit only slightly. At the time of Defendant's sentencing, the Court expressed a need to impose a sentence that would protect the public and deter Defendant from reoffending in the future given Defendant's criminal history.

### C. Gatson's Other Arguments

Mr. Gatson asserts various other legal arguments as to why his sentence is invalid. Mr. Gatson's sentence became final when the Supreme Court denied certiorari in his case on October 7, 2019. Because direct review is completed, Defendant is required to assert his claims on habeas review, governed by 28 U.S.C. § 2255. Section 2255 sets forth a one-year limitations period that runs, in this case, from the date that the Supreme Court denied certiorari, October 7, 2019. *See Kapral v. United States*, 166 F.3d 565, 572 (3d Cir. 1999). Because Defendant asserts his new legal arguments after October 7, 2020, and he cites no exception, they are time barred.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 233, is **DENIED**.

An appropriate Order shall follow.

 */s/ William J. Martini*
 **WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 30, 2021**