# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,** | No. 13-cr-705 (WJM) |
| v. | |
| **DANIEL GATSON.** | **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Presently before the Court is a second motion by Defendant Daniel Gatson ("Defendant" or "Gatson") for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the Covid-19 pandemic. ECF No. 244. For the reasons set forth below, Defendant's motion is **DENIED**.

## I.  BACKGROUND

Defendant is a fifty-year old African American male incarcerated at FCI Fort Dix in New Jersey. On June 30, 2016, Defendant was sentenced to 300 months incarceration following a three-week trial and a jury verdict finding him guilty of twelve counts related to interstate transportation of stolen property. ECF No. 159. Gatson appealed and on August 9, 2018, the Third Circuit Court of Appeals issued an opinion and order affirming Gatson's conviction and sentence. ECF No. 206, 209. The United States Supreme Court denied Gatson's petition for writ of certiorari. *Gatson v. United States*, No. 18-9700, 140 S. Ct. 124, 2019 WL 4922309, at *1 (Oct. 7, 2019).

On April 29, 2021, Defendant filed his first *pro se* motion for compassionate release due to his vulnerability to Covid-19 based on his weight, hypertension, and race or for a reduction in sentence. ECF No. 233. The Court denied that motion by Opinion and Order dated August 30, 2021 ("August 30 Opinion."). ECF Nos. 238, 239. Gatson appealed and on December 1, 2021, the Third Circuit affirmed this Court's decision. ECF No. 243. On March 21, 2022, Defendant filed a second motion for compassionate release, which is now before the Court. ECF No. 244. The Government opposes the motion. ECF No. 245.

## II.  DISCUSSION

As explained in the Court's August 30 Opinion, under the First Step Act, the Court may grant a defendant's motion for compassionate release or a reduction in his sentence if the defendant shows that (1) he has exhausted all administrative remedies prior to seeking judicial review; and (2) compelling and extraordinary reasons exist to justify such release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Sellers*, No. 10-434, 2020 WL 1972862, at *1

(D.N.J. Apr. 24, 2020). Any reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A prisoner seeking to establish "compelling and extraordinary reasons" due to COVID-19, must show "(a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101, 2020 WL 4282747, at *3 (D.N.J. July 27, 2020). "[A] grant of compassionate release is a purely discretionary decision." *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), *cert. denied*, No. 21-1208, 2022 WL 994375 (U.S. Apr. 4, 2022).

At the outset, while Defendant satisfied the exhaustion requirement prior to filing his first compassionate release motion, nothing in the record indicates that Defendant has done so for the second motion now before the Court. *See United States v. Urzua*, No. 16-312, 2021 WL 858699, at *2 (D.N.J. Mar. 8, 2021) (this Court recognizing that "there is certainly argument to be made that exhaustion in one instance does not continue to apply indefinitely to successive motions for compassionate release"); *United States v. Webb*, No. 09-755, 2022 WL 206174, n.1 (E.D. Pa. Jan. 24, 2022) (noting defendant did not exhaust administrative remedies before filing second compassionate release motion).

Even if Defendant had exhausted his administrative remedies as to this second motion, Defendant raises the same issues that the Court already rejected in Defendant's first motion and the Third Circuit upheld on appeal – increased risk of Covid-19 due to his race, weight, and hypertension. *See* Aug. 30 Op. at 1-2. The Court will not revisit those issues as Defendant has not suggested that any of those conditions have worsened. Defendant's only new arguments are: 1) he is vaccinated yet remains at increased risk due to the Delta variant;[1] 2) at the time Defendant was preparing this motion, he contracted Covid-19 and was bedridden; and 3) he has exhibited rehabilitation. Such circumstances do not constitute extraordinary and compelling reasons justifying his early release.

First, while vaccines do not provide absolute immunity, "they have been found to provide strong protection from severe disease, hospitalization, and death from COVID-19, including from the Delta and other variants with effectiveness ratings between 85% and 90%. www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/how-they-work.html." *United States v. Riddick*, No. CR 95-73-1, 2022 WL 138074, at *4 (E.D. Pa. Jan. 14, 2022). In fact, "[t]he current vaccines are also expected to protect against severe illness, hospitalization and deaths due to infection with the newer Omicron variant. www.cdc.gov/coronavirus/2019-ncov/omicron-variant.html." *Id*; *see e.g. Webb*, 2022 WL 206174 (denying second motion for compassionate release despite spread of Delta and Omicron variants); *United States v. Martin*, No. 98-178, 2021 WL 4169429 (E.D. Pa. Sept.

---

[1] On his first motion for compassionate release, Defendant had refused the Covid-19 vaccine, which the Court noted undermined his stated concerns about his vulnerability to Covid-19. *See* Aug. 30 Op. at 3.

4, 2021) (finding vaccinated inmate failed to show extraordinary and compelling reasons on second motion for compassionate release based on risk from Delta variant). Second, Defendant's medical records indicate that his case of Covid-19 was "resolved" by March 2, 2022. Defendant's recovery from Covid-19 likely gives him "more protection against infection than those who have only been vaccinated," according to a study by the Centers for Disease Control and Prevention. CDC Study: Natural Immunity Provides Significantly More Protection Against COVID Than Vaccination Only (ijr.com). Notably, there was just one "confirmed active case" of Covid-19 at FCI Fort Dix as of April 25, 2022. *See* https://www.bop.gov/coronavirus/. Third, while the Court commends Defendant for his purported "exemplary behavior," a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason." U.S.S.G. 1B1.13, Application Note 3; *see United States v. McNair*, 481 F. Supp. 3d 362, 370 (D.N.J. 2020).

Next, a court must still consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of the defendant's release. 18 U.S.C. § 3582(c)(1)(A); *see e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 329-30 (3d Cir. 2020). Here, nothing warrants altering the Court's prior determination that the § 3553(a) sentencing factors disfavor granting Defendant's early release. *See* Aug. 30 Op. at 3. Gatson still has nearly 13 years left on his 25-year sentence. *See Pawlowski*, 967 F.3d at 330-31 (noting that courts have denied compassionate release where inmate had half or more of sentence left to serve and concluding that time remaining in sentence may inform whether immediate release would be consistent with § 3553(a) factors). Releasing Defendant now would simply fail to either recognize the seriousness of the offense for which Defendant is incarcerated or promote respect for the law. *See United States v. Tull*, No. 15-622, 2020 WL 6336180, at *4 (D.N.J. Oct. 29, 2020).

Finally, as noted in this Court's August 30 ruling, Gatson's other legal arguments as to why his sentence is invalid were not timely asserted on habeas review and are thus time-barred. *See* Aug. 30 Op. at 3. Furthermore, a motion for compassionate release is not the proper mechanism to assert challenges to the legality of Defendant's conviction and sentence. *See Webb*, 2022 WL 206174, at * 3.

### III. CONCLUSION

For the foregoing reasons, Defendant's second motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 244, is **DENIED**. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: April 28 2022

3