## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **UNITED STATES,** | No. 13-cr-705 (WJM) |
| **v.** | |
| **DANIEL GATSON.** | **OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

Presently before the Court is Defendant Daniel Gatson's ("Defendant" or "Gatson") third motion for compassionate release in light of the Covid-19 pandemic or a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1) and (c)(2). ECF No. 257. For the reasons set forth below, Defendant's motion is **DENIED**.

### I.    BACKGROUND

Defendant is incarcerated at FCI Fort Dix in New Jersey. On June 30, 2016, Defendant was sentenced to 300 months incarceration after a jury verdict finding him guilty of twelve counts related to interstate transportation of stolen property. ECF No. 159. Gatson appealed and on August 9, 2018, the Third Circuit Court of Appeals issued an opinion and order affirming Gatson's conviction and sentence. ECF No. 206, 209. The United States Supreme Court denied Gatson's petition for writ of certiorari. *Gatson v. United States*, No. 18-9700, 140 S. Ct. 124, 2019 WL 4922309, at *1 (Oct. 7, 2019).

On April 29, 2021, Defendant filed his first *pro se* motion for compassionate release or for a reduction in sentence. ECF No. 233. The Court denied that motion by Opinion and Order dated August 30, 2021 ("First Op."), finding that any vulnerability to Covid-19 based on his weight, hypertension, and race did not constitute extraordinary and compelling reasons to justify compassionate release or a reduction in sentence. ECF Nos. 238, 239. The Court also held that Defendant's other legal arguments seeking a sentence reduction were time-barred because the one-year limitation period for motions filed under 18 U.S.C. § 2255 had expired. Gatson appealed and on December 1, 2021, the Third Circuit affirmed this Court's decision. ECF No. 243.

On March 21, 2022, Defendant filed a second motion for compassionate release arguing that despite being vaccinated, he was at increased risk of Covid-19 due to his race, weight, and hypertension. He also claimed that his rehabilitation efforts warranted early release. That motion was denied on April 28, 2022 ("Second Op."). The Court explained that it would not revisit the same issues previously raised and noted that vaccines do protect

against severe disease. ECF No. 246, 247. The Third Circuit affirmed that decision on October 14, 2022. ECF Nos. 255, 256.

On February 28, 2023, Defendant filed this pending third motion for compassionate release, again based on his obesity, hypertension, and rehabilitation efforts. He also maintains that restrictions due to Covid-19, such as "constant lockdowns," lack of visitation, and "stalled" educational programs, render his confinement conditions "punitive and unusually harsh" and that his sentence was improperly calculated based on "intended" rather than "actual" loss.

## II.    DISCUSSION

As explained in the Court's prior opinions, the Court may grant a defendant's motion for compassionate release or a reduction in his sentence if the defendant shows that (1) he has exhausted all administrative remedies prior to seeking judicial review; and (2) compelling and extraordinary reasons exist to justify such release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Sellers*, No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020). Any reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A prisoner seeking to establish "compelling and extraordinary reasons" due to COVID-19, must show "(a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101, 2020 WL 4282747, at *3 (D.N.J. July 27, 2020). "[A] grant of compassionate release is a purely discretionary decision." *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), *cert. denied*, No. 21-1208, 2022 WL 994375 (U.S. Apr. 4, 2022).

While Defendant satisfied the exhaustion requirement prior to filing his *first* compassionate release motion, nothing in the record indicates that Defendant exhausted his administrative remedies before filing the third motion now before the Court. *See United States v. Urzua*, No. 16-312, 2021 WL 858699, at *2 (D.N.J. Mar. 8, 2021) ("there is certainly argument to be made that exhaustion in one instance does not continue to apply indefinitely to successive motions for compassionate release"); *United States v. Webb*, No. 09-755, 2022 WL 206174, n.1 (E.D. Pa. Jan. 24, 2022) (noting defendant did not exhaust administrative remedies before filing second compassionate release motion).

Even if Defendant had exhausted his administrative remedies, Defendant raises the same issues that were rejected in Defendant's first and second motions and upheld on appeal twice – increased risk of Covid-19 due to his weight and hypertension. As before, the Court will not revisit those issues as Defendant has not suggested those conditions have worsened. *See* Second Op. at 2. Notably, there are just two "confirmed active cases" of Covid-19 at FCI Fort Dix as of March 22, 2023. *See* https://www.bop.gov/coronavirus/.

Regarding Defendant's contention that Covid-19 restrictions render his sentence unduly punitive, being unable to see family or to participate in any rehabilitation programs, and increased time in respective cells are safety measures meant to prevent or reduce the spread of COVID-19 and as such, do not constitute "compelling and extraordinary reasons" warranting compassionate release or a reduction in Defendant's sentence. Although such conditions may be more restrictive, if a correctional institution's safety measures alone justified an inmate's release and reduction of sentence, every federal inmate could raise these claims. Section 3582(c)(1)(A) does not contemplate this result.

Moreover, as the Court previously noted, *see* Second Op. at 3, Defendant's purported rehabilitation "is not, by itself, an extraordinary and compelling reason." U.S.S.G. 1B1.13, Application Note 3; *see United States v. McNair,* 481 F. Supp. 3d 362, 370 (D.N.J. 2020).

Next, a court must still consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of the defendant's release. 18 U.S.C. § 3582(c)(1)(A); *see e.g., United States v. Pawlowski,* 967 F.3d 327, 329-30 (3d Cir. 2020). Here, nothing warrants altering the Court's initial determination that the § 3553(a) sentencing factors disfavor granting Defendant's early release. *See* First Op. at 3. Gatson has an extensive criminal history and still has more than half of his 25-year sentence remaining. *See Pawlowski,* 967 F.3d at 330-31 (noting that courts have denied compassionate release where inmate had half or more of sentence left to serve and concluding that time remaining in sentence may inform whether immediate release would be consistent with § 3553(a) factors). Releasing Defendant now would simply fail to either recognize the seriousness of the offense for which Defendant is incarcerated or promote respect for the law. *See United States v. Tull,* No. 15-622, 2020 WL 6336180, at *4 (D.N.J. Oct. 29, 2020).

Finally, a motion for compassionate release is not the proper mechanism by which Defendant may challenge the legality of his sentence. *See Webb,* 2022 WL 206174, at * 3; *see also* First Op. at 3. Even if Defendant had asserted his claims on habeas review and had timely done so, his sentence was calculated taking into account his victims' actual losses.

## III.   CONCLUSION

For the foregoing reasons, Defendant's third motion for compassionate release and a reduction in sentence is **DENIED**. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: March 28, 2023