UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**DANIEL GATSON.** | No. 13-cr-705 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Presently before the Court is Defendant Daniel Gatson's ("Defendant" or "Gatson") fourth motion for compassionate release or a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1) and (c)(2).[1] ECF No. 272. For the reasons set forth below, Defendant's motion is **DENIED**.

I.  **BACKGROUND**

Defendant is incarcerated at FCI Fort Dix in New Jersey. On June 30, 2016, Defendant was sentenced to 300 months incarceration after a jury verdict finding him guilty of twelve counts related to interstate transportation of stolen property. ECF No. 159. Gatson appealed and on August 9, 2018, the Third Circuit Court of Appeals issued an opinion and order affirming Gatson's conviction and sentence. ECF No. 206, 209; *United States v. Gatson*, 744 Fed. App'x. 97 (3d Cir. 2018). The Supreme Court denied Gatson's petition for writ of certiorari. *Gatson v. United States*, 140 S. Ct. 124 (2019).

Defendant filed his first *pro se* motion for compassionate release or for a reduction in sentence on April 29, 2021. ECF No. 233. That motion was denied on August 30, 2021 because the Court concluded that vulnerability to Covid-19 based on weight, hypertension, and race did not constitute extraordinary and compelling reasons to justify compassionate release or a reduction in sentence. ECF Nos. 238, 239. The Court also held that Defendant's other legal arguments seeking a sentence reduction were time-barred because the one-year limitation period for motions filed under 18 U.S.C. § 2255 had expired. Gatson appealed and on December 1, 2021, the Third Circuit affirmed that decision. ECF No. 243; *United States v. Gatson*, No. 21-2749, 2021 WL 5632079 (3d Cir. Dec. 1, 2021).

On March 21, 2022, Defendant filed a second motion for compassionate release arguing that despite being vaccinated, he was at increased risk of Covid-19 due to his race, weight, and hypertension. He also claimed that his rehabilitation efforts warranted early

---

[1] Gaton makes no arguments to support his request for relief under 18 U.S.C. §3582(c)(2). *See also United States v. Gatson*, 2023 WL 6139559, at *1, n.1 (3d Cir. Sept. 20, 2023).

release. That motion was denied on April 28, 2022. The Court explained that it would not revisit the same issues previously raised and noted that vaccines do protect against severe disease. ECF No. 246, 247. The Third Circuit affirmed on October 14, 2022. ECF Nos. 255, 256; *United States v. Gatson*, No. 22-2443, 2022 WL 7857288 (3d Cir. Oct. 14, 2022).

In a third motion filed on February 28, 2023, Defendant sought compassionate release or a sentence reduction again due to obesity, hypertension, and rehabilitation efforts, and also on the basis that his sentence was improperly calculated based on "intended" rather than "actual" loss. ECF No. 257. Defendant's motion was denied on March 28, 2023. ECF Nos. 261, 262. That decision was affirmed on September 20, 2023. *United States v. Gatson*, No. 23-1660, 2023 WL 6139559, at *1 (3d Cir. Sept. 20, 2023).

Defendant filed this fourth motion for compassionate release or sentence reduction on January 16, 2023. Upon careful consideration of the parties' submissions including Defendant's reply filed on April 15, 2025, ECF No. 280, Defendant's motion is **denied.**

## II.    DISCUSSION

As explained in the Court's prior opinions, the Court may grant a defendant's motion for compassionate release or a reduction in his sentence if the defendant shows that (1) he has exhausted all administrative remedies prior to seeking judicial review; and (2) compelling and extraordinary reasons exist to justify such release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Sellers*, No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020). Any reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

As a threshold matter, Defendant has exhausted his administrative remedies. Prior to seeking judicial review, Defendant submitted a written request to the Bureau of Prisons on November 1, 2024 requesting compassionate release. *See* Def. Mot. Exhibit. Defendant now argues that the "extraordinary and compelling" reasons warranting a reduction in his sentence are that: 1) the Court failed to state whether loss calculations were based on intended or actual loss, which constituted a due process violation and created a "gross disparity between the way the Petitioner was sentenced" and other similarly situated defendants nation-wide; and 2) Gatson has a "remarkable" and "extraordinary" record of rehabilitation. Defendant also contends that he is not a danger to the community and that the 18 U.S.C. § 3553(a) factors support a sentence reduction.

As to the first contention, Defendant maintains that the Court's failure at sentencing to state on the record whether loss calculation was based on actual or intended loss was a disregard of the "General Rule" under USSG § 2B1.1 that a court must apply the greater of actual or intended loss. Defendant clarifies that he is *not* arguing (as he did already on his third § 3582(c)(1) motion) that his sentence was improperly calculated based on intended rather than actual loss and in contravention of *United States v. Banks*, 55 F.4th 246

(3d Cir. 2022). Rather, Defendant insists that it was error for the Court to state "7 years after" his sentencing that loss was calculated based on actual loss. *See* Def. Mot. at 11; March 28, 2023 Op. at 3 (noting that sentence was calculated based on actual loss). However, there is no basis to find that Defendant had no notice regarding the calculation of loss based on actual loss. Intended loss was never at issue because the victims of Defendant's burglaries suffered actual loss. As the Third Circuit recognized:

> Gatson's Presentence Investigation Report explained that the victims of his many burglaries sustained actual losses of approximately $3.6 million in the form of theft and property damage. (PSR at 16-19, 21 ¶¶ 64-66, 74.) *See also Gatson*, 2021 WL 5632079, at *1 (noting that "[t]he property [involved in Gatson's crimes], valued at $3.6 million, had been stolen from multiple residences"); *United States v. Gatson*, 744 F. App'x 97, 102 (3d Cir. 2018) (explaining, in affirming Gatson's sentence, that it was based on "a number of factors, including the total value of the losses from the burglaries"). There was no mention of intended loss in Gatson's PSR, in the parties' sentencing memoranda, or at Gatson's sentencing.

*United States v. Gatson*, No. 23-1660, 2023 WL 6139559, at *1 (3d Cir. Sept. 20, 2023). Thus, the Third Circuit found that *Banks* was not "otherwise relevant to the § 2B1.1 loss calculation in Gatson's case." *Id.* Since intended loss was never at issue, *United States v. Stanley*, 12 F.3d 17 (2nd Cir. 1993), cited by Defendant, is inapposite. *See id.* (vacating sentence due to a court's failure to indicate whether loss calculation was based on actual or intended loss).

Moreover, Defendant provides no support for his conclusory assertion that he is "the only defendant in the Federal system where at sentencing for crimes pursuant to USSG § 2B1.1, the Court disregarded the sentencing process" resulting in "gross disparity" in sentencing compared with "similarly situated defendants" nationally. Def. Mot. at 9-11. In any event, the "duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." *United States v. Andrews*, 12 F.4th 255, 260–61 (3d Cir. 2021).

Next, as the Court has noted in its prior opinions, Defendant's purported rehabilitation "is not, by itself, an extraordinary and compelling reason" for a reduction in sentence. *See* March 28, 2023 Op. at 3 (citing U.S.S.G. 1B1.13, Application Note 3); April 28, 2022 Op. at 3; *see also United States v. Barndt*, No. 22-2548, 2022 WL 17261784 at *2 (3d Cir. Nov. 29, 2022) ("rehabilitation alone cannot constitute extraordinary and compelling grounds under § 3582").

Having failed to allege an extraordinary and compelling reason for compassionate release, "it is not necessary for the Court to advance to the next step of the § 3582(c)(1)(A)(i) inquiry by assessing the application of the § 3553(a) factors and possible

3

danger to the community imposed." *United States v. Culbreath*, No. 17-CR-00341, 2022 WL 17718517, at *2 (E.D. Pa. Dec. 15, 2022) (citing *United States v. Hight*, 488 F. Supp. 3d 184 (E.D. Pa. 2020); *see also United States v. Andrews*, 12 F.4th 255, 262 (3d Cir. 2021) ("If a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors.")

### III.  CONCLUSION

For the foregoing reasons, Defendant's fourth motion for compassionate release and a reduction in sentence is **DENIED**. Defendant's "Motion to Amend Information,"[2] ECF No. 275, is **DENIED.** An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: April 29, 2025

---

[2] As far as the Court can discern, this "motion" seems to be a request to amend "Page 11" to reflect a decision by the Court to grant the motion for compassionate release or reduction in sentence.

4